OPINION
{¶ 1} Defendant-appellant Lonnie C. Richardson appeals the June 8, 2004 Judgment Entry of the Stark County Court of Common Pleas denying his motion to suppress evidence.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about March 11, 2004, Canton Police Officers patrolled the area around the VFW on 8th Street, N.E., in Canton, Ohio, an area in which they had been receiving several complaints of drug activity and where there had been a recent arrest for crack cocaine.
 {¶ 4} While on patrol, the officers noticed a green Cadillac on the west side of the VFW's parking lot. Two people were seated in the car. The car was not running and the headlights were turned off. The officers observed the vehicle and its passengers for a few minutes and then approached the vehicle.
 {¶ 5} One officer approached the driver's side and one went around to the passenger side.
 {¶ 6} One of the officers recognized Appellant, who was seated on the passenger side. The officers were aware that Appellant had recently been released from prison and that he had a criminal history which included gun charges. (T. at 12).
 {¶ 7} The driver of the vehicle gave permission for his vehicle to be searched so Appellant was asked to exit the vehicle.
 {¶ 8} An inquiry was made of Appellant as to whether he "had anything on him, anything I need to know about, any weapons." (T. at 9). Appellant replied in the negative and when asked by the officer if it was okay for the officer to check, he consented to a search of his person. (T. at 9, 15-16).
 {¶ 9} As a result of the pat down search conducted by the officer, crack cocaine was found in Appellant's jacket pocket. (T. at 9-10).
 {¶ 10} Appellant was arrested on March 12, 2004.
 {¶ 11} On April 9, 2004, Appellant was indicted on one count of possession of cocaine and one count of assault.
 {¶ 12} On May 11, 2004, Appellant filed a motion to suppress evidence. The trial court conducted a suppression hearing on May 17, 2004.
 {¶ 13} On June 8, 2004, via Judgment Entry, the trial court overruled appellant's motion to suppress finding that the officer's contact with appellant was consensual and that he voluntarily consented to the search of his person.
 {¶ 14} On June 17, 2004, Appellant entered a plea of no contest to the indictment, and the trial court sentenced him to prison for three years on the possession of cocaine charge and twelve months on the assault charges, with the sentences ordered to run concurrently.
 {¶ 15} Appellant now appeals the trial court's June 8, 2004, Judgment Entry overruling his motion to suppress, assigning as error:
 ASSIGNMENT OF ERROR {¶ 16} "I. The trial court did commit reversible error when it overruled defendant/appellant's motion to suppress."
 I. {¶ 17} Appellant argues that the trial court erred in overruling his motion to suppress evidence seized as a result of a pat down search. We disagree.
 {¶ 18} More specifically, Appellant claims the officers did not have a legal justification for stopping, or in this case, approaching the vehicle in which he was a passenger. Appellant further claims that the pat down search conducted by the officers was illegal arguing that consent was not given voluntarily.
 {¶ 19} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906;Guysinger.
 {¶ 20} Appellant challenges the trial court's ultimate conclusion finding the evidence resulted from a valid search. Appellant argues the officers lacked reasonable articulable facts to stop him and conduct an investigation. Appellant argues the officers had no right to approach the vehicle in which he was a passenger and search him.
 {¶ 21} In the instant case, the trial court found that this was not an investigatory stop, but was instead a consensual encounter.
 {¶ 22} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889;State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. "However, not every contact between police officer and citizen implicates the Fourth Amendment. `Only when the officer, by means of physical force or show of authority, has in some way restricted the liberty of a citizen may we conclude that a "seizure" has occurred.'" State v. Lopez (Sept. 28, 1994), Greene App. No. 94 CA 21, quoting Terry, supra, at 19, fn. 16.
 {¶ 23} Ohio law recognizes three types of police-citizen encounters: consensual encounters, Terry stops, and arrests. State v. Taylor (1995),106 Ohio App.3d 741, 747-49, 667 N.E.2d 60 .
 {¶ 24} A consensual encounter occurs when a police officer approaches a person in a public place, engages the person in conversation, requests information, and the person is free to refuse to answer and walk away.Id. at 747, 667 N.E.2d 60. A consensual encounter does not implicate theFourth Amendment's protection against unreasonable searches and seizures unless the police officer has restrained the person's liberty by a show of authority or physical force such that a reasonable person would not feel free to decline the officer's request or otherwise terminate the encounter. Id. at 747-48, 667 N.E.2d 60.
 {¶ 25} "The second type of encounter is a `Terry stop' or an investigatory detention. The investigatory detention is more intrusive than a consensual encounter, but less intrusive than a formal custodial arrest. The investigatory detention is limited in duration and purpose and can only last as long as it takes a police officer to confirm or to dispel his suspicions. Id. at 748, 667 N.E.2d 60. Such a stop is valid if the officer had reasonable and articulable suspicions of criminal activity. Id. at 749, 667 N.E.2d 60. However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 26} A person is seized under this category when, in view of all the circumstances surrounding the incident, by means of physical force or show of authority a reasonable person would have believed that he was not free to leave or is compelled to respond to questions."
 {¶ 27} The final type of police-citizen encounter is an arrest. For an arrest to be valid the officer must have probable cause to believe that the individual has committed an offense. Id.
 {¶ 28} This court has previously recognized a distinction between aTerry stop and a consensual encounter. State v. Daniels (May 12, 2003), Stark App. No. 2002CA00290, quoting State v. Taylor (1995),106 Ohio App.3d 741, 747, 667 N.E.2d 60.
 {¶ 29} Therefore, the first issue we must address is whether in fact the stop in this case was a Terry stop or a consensual police encounter. We review the issue of the existence of a consensual encounter by examining the totality of the circumstances. See Florida v. Royer
(1983), 460 U.S. 491, 506-507, 103 S.Ct. 1319, 75 L.Ed.2d 229.
 {¶ 30} Upon review, under the totality of the circumstances, we conclude the events in the case sub judice constituted a consensual encounter such that the Fourth Amendment was not implicated. UnitedStates v. Mendenhall (1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497.
 {¶ 31} In this case, the officers approached a parked vehicle, engaged in conversation with the driver who consented to a search of his vehicle and his person. After asking appellant to exit the vehicle so that it could be searched, the officer asked Appellant if he had anything on him they should know about, to which he said he did not. Appellant was then asked if he minded if the officer checked for himself and Appellant consented to said search.
 {¶ 32} The officer testified that Appellant was calm and cooperative. (T. at 9-10). There is no evidence of any coercion, show of authority or physical force nor any evidence that appellant's liberty was restricted
 {¶ 33} Therefore, we find no error in the denial of the motion to suppress, as no "stop" occurred under the facts presented. We find this was a consensual encounter and not a violation of the Fourth Amendment's prohibition against unlawful search and seizure.
 {¶ 34} Based upon the above, we find the trial court properly overruled the motion to suppress. Appellant's sole assignment of error is overruled.
 {¶ 35} The June 8, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Boggins, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 8, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.